UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC DEXTER WELCH,

       Petitioner,

                                Case No. 2:14-cv-243

v.

                                HON. ROBERT HOLMES BELL

PEOPLE OF STATE OF MICHIGAN,

       Respondent.
_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a habeas corpus petition brought by prisoner pursuant to 28 U.S.C. § 2254. The basis of the petition is the government's alleged failure to adhere to the terms of Petitioner's plea agreement. The matter was referred to Magistrate Judge Timothy P. Greeley, who issued a Report and Recommendation (R&R) on June 12, 2015, recommending that this Court deny the petition as untimely. (ECF No. 11.) The matter is presently before the Court on Petitioner's objections to the R&R. (ECF No. 15.) In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* Rules Governing § 2254 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner objects to the Magistrate Judge's conclusion that his petition is untimely, and he claims that he is entitled to equitable tolling of the one-year statute of limitations.

These are the pertinent dates. Petitioner pleaded guilty on July 31, 2007, in Houghton County Circuit Court to one count of accosting a child for immoral purposes and one count of interfering with a telecommunications access device. (Amd. Pet. 1, ECF No. 7.) Petitioner states that the State of Michigan agreed not to bring additional charges or to seek a prosecution in federal court as a condition of the plea agreement. (Mot. For Relief from J. at 2, Ex. H., ECF No. 7; Aff. of Trial Counsel Mark A. Wisti, ECF No. 1-1.) Sometime in November 2008, the investigating detective on Petitioner's case sent evidence to federal prosecutors, allegedly in violation of the plea agreement. (Mot. for Relief from J. at 9-10.) Federal authorities arrested Petitioner on March 4, 2010, for possession of child pornography. (*Id.*; Arrest, *United States v. Welch,* 2:10-cr-8 (W.D. Mich.)) Court records indicate that Judge Edgar of this Court entered judgment following a jury trial in the federal case on December 20, 2010. (2:10-cr-8, ECF No. 59.)

Petitioner filed a motion for relief from judgment for the Michigan conviction on March 23, 2012, in Michigan state court. (Amd. Pet. at 3.) His motion was denied on April 20, 2012; his motion for reconsideration was denied on May 16, 2012. (*Id*.) Petitioner

appealed to the Michigan Court of Appeals. (*Id*. at 4.) His motion was denied on May 30, 2013; his motion for reconsideration was denied on July 2, 2013. The Michigan Supreme Court denied his motion for review on November 25, 2013. (*Id*.) The petition for a writ of certiorari to the United States Supreme Court was denied on April 21, 2014. (*Id*. at 5.) Petitioner filed the instant motion for relief pursuant to 28 U.S.C. § 2254 in this Court on December 2, 2014. (ECF No. 1.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). As the Magistrate Judge explained, Petitioner had one year from July 31, 2008, the date on which his conviction became final, to file his habeas action under 28 U.S.C. § 2244(d)(1)(A). (R&R at 4.) According to Petitioner, though, the grounds for his habeas action did not arise until at least November 2008, when the State breached its plea agreement, or until March 2010, when the federal government arrested him. Petitioner suggests that March 2010 should be the operative date and that 28 U.S.C. § 2244(d)(1)(B) or (D) should apply. Even assuming that March 2010 is the operative date for triggering the statute of limitations, Petitioner's application is untimely.

Under § 2244(d)(1)(B), the limitations period runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Under § 2244(d)(1)(D), the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." Under either subsection (B) or (D), however, the petition is untimely because Petitioner took no action prior to March 2011, one year after the statute of limitations was triggered in March 2010 by his arrest.

That Petitioner filed a motion for relief from judgment in state court on March 21, 2012, does not toll the statute of limitations for the reasons set forth by the Magistrate Judge. Petitioner must have filed his motion for relief from judgment in state court by March 2011 in order to be entitled to statutory tolling. The tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Because Petitioner's one-year period expired in 2011, his collateral motions filed in 2012 do not serve to revive the limitations period. Thus, Petitioner is not entitled to statutory tolling.

Nor is he entitled to equitable tolling. He does not explain how he was impeded from filing his motion for relief from judgment in state court prior to March 2011, nor why he did not file the instant petition earlier. He has not alleged facts or circumstances that warrant the application of equitable tolling in this case.

Therefore, Plaintiff's objections to the Magistrate Judge's conclusion that the petition is untimely are overruled.

The Court must finally determine whether to issue a certificate of appealability. Where

the petition is rejected on procedural grounds without reaching the merits of the underlying claims, the Court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 15) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's June 12, 2015, R&R (ECF No. 11) is **APPROVED** and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Petition for Writ of Habeas Corpus (ECF No. 7) is **DENIED**.

Dated: July 13, 2015     /s/ Robert Holmes Bell
                          ROBERT HOLMES BELL
                          UNITED STATES DISTRICT JUDGE