UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC DEXTER WELCH,

       Petitioner,

v.                                      File No. 2:14-cv-243

                                                HON. ROBERT HOLMES BELL

PEOPLE OF STATE OF MICHIGAN,

       Respondent.
_____/

# **O P I N I O N**

This matter is before the Court on Petitioner Eric Dexter Welch's motion to vacate judgment pursuant to Federal Rules of Civil Procedure 59 and 60 (ECF No. 18) and motion to appoint counsel (ECF No 22). For the reasons that follow, the motions will be denied.

## **I. Motion to Vacate**

On July 31, 2007, Petitioner pleaded guilty in Houghton County Circuit Court to accosting a child for immoral purposes in violation of Mich. Comp. Laws § 750.145a, and interfering with a telecommunications access device in violation of Mich. Comp. Laws § 750.540c(4). Petitioner contends that the State of Michigan agreed not to bring additional charges or to seek prosecution in federal court as a condition of the plea agreement. (Mot. for Relief from J. 2, ECF No. 7-1; Wisti Aff., ECF No. 1-1.) Sometime in November 2008, the investigating detective on Petitioner's case sent evidence to federal prosecutors, allegedly

in violation of the plea agreement.[1] (Mot. for Relief from J. 9-10.) Federal authorities arrested Petitioner on March 4, 2010, for possession of child pornography. Court records indicate that Judge Edgar of this Court entered judgment following a jury trial in the federal case on December 20, 2010. (*United States v. Welch*, No. 2:10-cr-8, J., ECF No. 59.)

On March 23, 2012, Petitioner filed a motion for relief from judgment in state court. (Am. Pet. 3, ECF No. 7.) The motion was denied on April 20, 2012, and his motion for reconsideration was denied on May 16, 2012. (*Id.*) Petitioner's appeals to the Michigan Court of Appeals and Michigan Supreme Court were also denied. (*Id.* at 4.) In February 2014, petitioner filed a writ of certiorari in the United States Supreme Court, which was denied on April 21, 2014. (*Id.* at 5.)

On December 1, 2014, Petitioner filed a petition for writ of habeas corpus in this Court, seeking relief under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner filed an amended petition on February 20, 2015. (ECF No. 7.) Petitioner argued that his petition should not be time barred because he could not "be faulted for failing to obtain timely review." (Pet. 1, ECF No. 1.) He also argued that "[s]ubsequent governmental interference precluded his access to state law in his initial request for an attorney and throughout all filings . . . his utter lack of counsel or a hearing on his first-tier collateral review arguably establishes cause to excuse any perceived default." (Mem. in Support of Pet. 3, ECF No. 9.)

---

[1] In an opinion affirming Petitioner's sentence and conviction, the Court of Appeals for the Sixth Circuit held that Petitioner's federal prosecution was not barred by double jeopardy principles or by res judicata because the federal government was not involved in Petitioner's state prosecution, and that the federal government was not bound by Petitioner's plea agreement and, therefore, did not deny Petitioner due process by prosecuting him. *See United States v. Welch*, No. 10-2677, slip op. at 2-3 (6th Cir. Oct. 20, 2011).

On June 2, 2015, the magistrate judge issued a report and recommendation, recommending that the petition be dismissed as time barred under 28 U.S.C. § 2244(d). (ECF No. 11.) The magistrate judge found that Petitioner's conviction became final on July 31, 2008. (*Id.* at 4.) The magistrate judge stated, "Petitioner had one year from July 31, 2008, to file his habeas application. Because Petitioner took no action prior to July 31, 2009, the statute of limitations ran and Petitioner is time barred from proceeding in this case." (*Id.*) The magistrate judge further found that Petitioner was not entitled to equitable tolling of the statute of limitations. (*Id.* at 5.)

Petitioner filed objections to the R&R. The Court also granted Petitioner leave to file amended objections. In these objections, Petitioner argued that his arrest in 2010 was a "governmentally enacted impediment to timely filing because the delay was outside of Petitioner's control." (Am. Objections 2, ECF No. 15.) Petitioner cited cases supporting his argument that he should be entitled to equitable tolling because he was housed in prison and unable to gain access to records he needed to file his motion. (*Id.* at 4.) Petitioner stated that "[t]he delay in filing the 2254 was basically outside his control." (*Id.* at 5.) Petitioner noted that he was prevented from filing both "an 'in custody' filing and a direct appeal or habeas in 2009." (*Id.* at 6.)

On July 13, 2015, this Court entered an order approving and adopting the R&R. The Court stated:

> Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). As the Magistrate Judge explained, Petitioner had

one year from July 31, 2008, the date on which his conviction became final, to file his habeas action under 28 U.S.C. § 2244(d)(1)(A). According to Petitioner, though, the grounds for his habeas action did not arise until at least November 2008, when the State breached its plea agreement, or until March 2010, when the federal government arrested him. Petitioner suggests that March 2010 should be the operative date and that 28 U.S.C. § 2244(d)(1)(B) or (D) should apply. Even assuming that March 2010 is the operative date for triggering the statute of limitations, Petitioner's application is untimely.

Under § 2244(d)(1)(B), the limitations period runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Under § 2244(d)(1)(D), the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under either subsection (B) or (D), however, the petition is untimely because Petitioner took no action prior to March 2011, one year after the statute of limitations was triggered in March 2010 by his arrest.

(Order 3-4, ECF No. 16.)

Despite not raising the argument either in his initial motion or in his objections to the R&R, and despite repeatedly acknowledging that he was prevented from timely filing his Section 2254 motion, Petitioner now asks this Court to vacate its prior order approving and adopting the R&R, stating that he *did* in fact take action prior to March 2011 and, therefore, his petition was timely. (Mot. to Vacate 4, ECF No. 19.) Petitioner bases this argument on letters he wrote to Judge Edgar in November 2010, which he now argues should have been treated as *pro se* filings for post-conviction relief which satisfied the statute of limitations.[2]

---

[2] Petitioner has made a similar argument in his related criminal case. (*United States v. Welch*, No. 2:10-cr-08, Mot. for New Trial, ECF No. 91.) Judge Edgar was not persuaded, and on February 24, 2016, entered an order denying the motion for a new trial because Petitioner's motion was filed "well beyond the three year deadline in [Federal] Rule [of Criminal Procedure] 33(b)(1)." (Order, ECF No. 93.)

4

The Court is not persuaded. "The Sixth Circuit has held that *pro se* pleadings are to be liberally construed and that in some cases active interpretation is required 'to construe a pro se petition to encompass any allegation stating federal relief.'" *Johnson v. United States*, 457 F. App'x 462, 467 (6th Cir. 2012) (quoting *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985)). But even construing the letters Petitioner sent in a liberal manner, the Court finds no intent to seek relief under Section 2254.[3] An application for a writ of habeas corpus under Section 2254 requires a petitioner to show either that the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner's letters make no mention of an unreasonable application of clearly established Federal law or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, Petitioner's argument is meritless. *Cf. Johnson*, 457 F. App'x at 466-67 (finding that a pro se letter did not evince an intent to serve as a Section 2255 petition given the fact that it specified no grounds for relief under Section 2255, offered no facts to support any ground for relief, and asked only about the deadline for filing a Section 2255 motion). And because

---

[3]The Court expresses no opinion as to whether the letters express an intent to seek relief under 28 U.S.C. § 2255 or otherwise. Petitioner has sought relief under Section 2255 in motions filed before Judge Edgar. *See Welch v. United States*, No. 2:12-cv-115; *Welch v. United States*, No. 2:16-cv-53. The only matter before the undersigned is a petition for writ of habeas corpus pursuant to Section 2254.

there was no intent to seek relief under Section 2254, the letter did not "trigger a duty on the part of the district court to provide him with notice of the effect of his pleadings." *See id.*

After finding that Petitioner's letters did not evince an intent to serve as a Section 2254 petition, the Court will now address Petitioner's argument that the Court should vacate its prior order pursuant to either Federal Rule of Civil Procedure 59 or 60(b).

**A. Rule 59**

Petitioner first argues that he is entitled to relief under Federal Rule of Civil Procedure 59. Petitioner has already moved for a new trial in his related criminal case, *United States v. Welch*, No. 2:10-cr-08, Mot. for New Trial, ECF No. 91, and there has been no trial in Petitioner's civil case that is before the Court. As a result, the Court presumes that Petitioner seeks relief under Rule 59(e), which allows for a "motion to alter or amend a judgment," as opposed to Rule 59(a), which allows for the Court to grant "a new trial on all or some of the issues." Given this Court's finding that the letters should not have been construed as a Section 2254 petition, there is no reason to alter or amend its prior judgment.

And further, under Rule 59(e), a petitioner "may request only that the district court reconsider matters actually raised before it. This is because, as [the Sixth Circuit] has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir.

2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) (citations omitted).

Here, Petitioner is effectively raising a new argument before the Court. In his initial petition, Petitioner responded "no" when asked, "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" (Am. Pet. ¶ 15, ECF No. 7.) Petitioner also responded "no" when asked, "Do you have any petition or appeal now pending (filed and decided) in any court, either state or federal, as to the judgment you are challenging?" (*Id.* ¶ 16.) Similarly, in his objections to the R&R, Petitioner stated that he had not filed any previous motions for post-conviction relief, and that the delay in filing the instant petition was caused by governmental impediments. Prior to this Court's entry of judgment, Petitioner could have argued that the letters at issue should have been considered pro se filings, but he did not. Petitioner explicitly informed this Court that he had not filed any prior motions for relief in this matter. He cannot now use Rule 59(e) as a vehicle to present new arguments to this Court that could have been raised prior to judgment. Accordingly, his claim under Rule 59 fails.

**B. Rule 60**

Petitioner also argues that he is entitled to relief under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

7

> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). When faced with a motion under Rule 60(b), "a district court is required to 'intensively balance numerous factors.'" *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 529 (6th Cir. 2001)). These factors "include[] the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of the facts.'" *Blue Diamond Coal*, 249 F.3d at 529 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Petitioner does not specify which subpart of Rule 60(b) he seeks relief under. After a weighing of the required factors, however, the Court finds Petitioner is not entitled to relief under any subpart. To the extent Petitioner argues relief under Rule 60(b)(1) is proper because of a mistake made by the Court, his claim fails. As stated, the Court has found that no mistake occurred, and Petitioner's argument that he had filed a previous motion for post-conviction relief was never put before the Court to rule on.

The only other possible ground for relief that the Court can discern is under Rule 60(b)(6). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment, and such circumstances rarely occur in habeas cases." *Landrum v. Anderson*, No. 14-3591, 2016 WL 556743, at *3 (6th Cir.

Feb. 12, 2016). "In the context of equitable tolling of the one-year deadline for filing a petition for habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2244(d)(1), [the Sixth Circuit] has held that combinations of illiteracy, *pro se* status, lack of access to legal materials, ignorance of the law, and reliance on legal assistance from others do not amount to extraordinary circumstances." *Tanner*, 776 F.3d at 446 (collecting cases). While Petitioner's *pro se* status or ignorance of the law may have led to his late filing, this alone does not amount to extraordinary circumstances. Accordingly, Petitioner's claim under Rule 60(b) also fails.

## II. Motion for Appointment of Counsel

Petitioner also moves for appointment of counsel to assist in proceeding "past Rule 4 of the Rules Governing Proceedings Under § 2254." (Mot. to Appoint Counsel 1, ECF No. 22.) Having decided that Petitioner is not entitled to post-conviction relief, "the Court, in its discretion, further determines that neither the interests of justice nor due process requires the appointment of counsel." *United States v. Edkins*, No. 1:05-cr-151, 2013 WL 542473, at *6 (W.D. Mich. Feb. 12, 2013); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . the right to appoint counsel extends to the first appeal of right, and no further.").

## III.

For the reasons stated above, Petitioner's motion to vacate and motion to appoint counsel will be denied. An Order will enter consistent with this Opinion.

Dated: March 9, 2016                         /s/ Robert Holmes Bell
                                                                      ROBERT HOLMES BELL
                                                                       UNITED STATES DISTRICT JUDGE